personal knowledge of its having been presented. He was *told* that it had been presented, and then protested the note and mailed notices. This was clearly insufficient. It showed that he had no knowledge of the verity of his certificate, and the presumption of its accuracy was rebutted.

We think this difficulty is fatal to the judgment, and that it must be reversed and a new trial granted, with costs to appellant to abide the event.

FOLLETT and O'BRIEN, JJ., concurred.

Judgment reversed and new trial granted, with costs to the appellant to abide event.

---

CHARLES F. SMITH, Respondent, *v.* CLAUDE L. GOURAUD, Appellant.

*Default — order directing an attorney to receive a complaint.*

Where the time to serve a complaint had expired, the plaintiff moved the court for an order to compel the defendant to accept the complaint, and for such other relief as the court might grant.

*Held,* that while the motion should have been one to open the default, yet, as sufficient facts appeared to warrant the opening of the default, an order directing the defendant to accept the complaint should be sustained.

APPEAL by the defendant, Claude L. Gouraud, from an order made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of October, 1893, compelling the defendant's attorney to accept service of the plaintiff's complaint.

*Stephen C. Baldwin,* for the appellant.

*Edwin R. Leavitt,* for the respondent.

PER CURIAM:

The complaint was served after the time for such service had expired, and the plaintiff, therefore, as a matter of right, could not have insisted upon the defendant accepting the same, and the form of his motion, instead of being to compel defendant to accept, should have been to open the default. In his notice of motion,

however, he asked for such other relief as the court might grant, and sufficient facts appearing to warrant the opening of the default and the granting of the motion for leave to serve the complaint, it is to be assumed that this was the relief which the court intended to grant.

We think, therefore, that while the form of the notice of motion and the order entered upon granting the same may not be strictly correct, because requiring the defendant to accept the complaint, instead of opening the default and granting permission to serve the complaint, that the proper disposition to be made of the appeal would be to affirm the order, without costs.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, without costs.

---

In the Matter of the Application of ELIZABETH C. McKIBBIN, Respondent, v. WILLIAM H. NAFIS, an Attorney, etc., Appellant.

*Attorney's compensation — lien therefor.*

An attorney has a lien upon a bond and mortgage placed in his hands by his client, and upon any sums collected upon them, for his compensation for services theretofore rendered.

APPEAL by William H. Nafis from an order of the Supreme Court, made at the New York Special Term, entered in the office of the clerk of the county of New York on the 12th day of January, 1894, directing the defendant to pay to Elizabeth C. McKibbin the sum of $1,500 with interest, and further to deliver to her a bond and mortgage, and all other papers and documents held by said Nafis as her attorney belonging to her.

*George Putnam Smith*, for the appellant.

*Charles Blandy*, for the respondent.

FOLLETT, J.:

The appellant is an attorney and counselor of this court, who was employed by the petitioner to collect upwards of $90,000 due from the estate of her deceased father, which sum was collected through